1   KILPATRICK TOWNSEND & STOCKTON LLP
    DENNIS L. WILSON (Bar No. 155407)
2   DWilson@kilpatricktownsend.com
    CAROLINE Y. BARBEE (Bar No. 239343)
3   CBarbee@kilpatricktownsend.com
    1801 Century Park East Suite 2300
4   Los Angeles, CA  90067
    Telephone:   310-248-3830
5   Facsimile:    310-860-0363

6
    Attorneys for Plaintiff
7   META PLATFORMS, INC.

8   BAKER BOTTS L.L.P.
    SARAH GUSKE (Bar No. 232467)
9   Sarah.Guske@bakerbotts.com
    101 California Street, Suite 3200
10  San Francisco, CA 94111-5802
    Telephone: 415.291.6205
11  Facsimile: 415.291.6305

12
    SUZANNE HENGL (pro hac vice application to be filed)
13  Suzanne.Hengl@bakerbotts.com
    30 Rockefeller Plaza, 45th Floor
14  New York, NY 10112
    Telephone: 212.408.2522
15  Facsimile: 212.259.2522

16
    Attorneys for Plaintiff
17  CHIME FINANCIAL, INC.

18              **UNITED STATES DISTRICT COURT**

19          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20
    META PLATFORMS, INC., a Delaware          CASE NO.:  3:22-cv-803
21  corporation, and CHIME FINANCIAL, INC.,
    a Delaware corporation,
22                                            **COMPLAINT; DEMAND FOR JURY**
            Plaintiffs,                       **TRIAL**
23
            v.
24
    ARAFAT ENIOLA AROWOKOKO (aka
25  ENNY HORLAR DC) and AROWOKOKO
    AFEEZ OPEYEMI (aka CLASSIC RG
26  LEKKI SPENDER aka RG LEKKI aka
    ABDUL AFEEZ OPEYEMI),
27
            Defendants.
28

Plaintiffs Meta Platforms, Inc. ("Meta") previously known as Facebook, Inc., and Chime Financial, Inc. ("Chime") allege the following against Defendants Arafat Eniola Arowokoko and Arowokoko Afeez Opeyemi:

## INTRODUCTION

1.     Meta and Chime jointly bring this action to stop Defendants' unlawful online impersonation scheme directed at Meta and Chime users.  Since at least March 2020, and continuing until at least October 2021, Defendants engaged in a phishing scheme whereby they impersonated Chime online in order to deceive Meta's users and obtain the login information for their Chime member accounts.  For example, Defendants used Chime-impersonating Instagram accounts to promote fake online financial services and direct users to Chime-branded phishing websites.  These phishing websites prompted users to enter their Chime usernames and passwords with the goal of compromising users' Chime member accounts to withdraw funds.

2.     Since June 5, 2020, Meta has taken several enforcement actions against Defendants, including disabling Facebook and Instagram accounts, blocking Chime-impersonating domains on its services, and sending cease-and-desist letters.  In addition, Chime has vigorously policed infringing uses of its trademarks online and has taken action to disable Defendants' unauthorized access to legitimate Chime member accounts.  Despite Meta's and Chime's enforcement, as recently as at least October 2021, Defendants continued to unlawfully impersonate Chime on the internet, including by misusing Chime's registered trademarks on Instagram.  This activity infringes Chime's registered trademarks and violates Facebook's Terms of Service and Instagram's Terms of Use.

## PARTIES

3.     Plaintiff Meta Platforms, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California.  Meta's products include the Facebook and Instagram apps.

4.     Plaintiff Chime Financial, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

5.     Defendant Arafat Eniola Arowokoko, also known as "Enny Horlar Dc," is a resident of Nigeria.  As part of the scheme, between no later than February 12, 2020 and October 22, 2021,

/ / /

Defendant Arowokoko created and used more than 650 Instagram accounts to impersonate Chime with the goal of compromising Chime's members' accounts for profit.

6.   Defendant Arowokoko Afeez Opeyemi, also known as "Classic Rg Lekki Spender," "Rg Lekki," and "Abdul Afeez Opeyemi," is a resident of Nigeria. As part of the scheme, between no later than March 11, 2020 and October 22, 2021, Defendant Opeyemi created and used more than 250 Instagram accounts to impersonate Chime with the goal of compromising Chime's members' accounts for profit.

7.   To conceal their scheme, Defendants used a shared network of computers to control, in total, more than five Facebook accounts and more than 800 Instagram accounts used to impersonate Chime.

## **JURISDICTION AND VENUE**

8.   The Court has federal question jurisdiction over the federal causes of action alleged in this Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9.   The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as the federal claims.

10.   The Court also has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and Defendants exists, and because the amount in controversy exceeds $75,000.

11.   In connection with the impersonation scheme, Defendants created and used multiple Facebook accounts and thereby agreed to Facebook's Terms of Service ("TOS").  The Court has personal jurisdiction over Defendants because Facebook's TOS contains a forum selection clause that requires this complaint be resolved by this Court, and that Defendants submit to the personal jurisdiction of this Court.

12.   In connection with the impersonation scheme, Defendants created and used multiple Instagram accounts and thereby also agreed to the Instagram Terms of Use ("TOU").  The Instagram TOU contain a forum selection clause that requires this complaint be resolved by this Court, and that Defendants submit to the personal jurisdiction of this Court.

13.     Defendants used websites, mobile applications, and/or technology platforms offered, operated or made available by Chime and thereby also agreed to the Chime Terms of Use ("TOU"). The Chime TOU contain a forum selection clause that requires this complaint be resolved by this Court, and that Defendants submit to the personal jurisdiction of this Court.

14.     In addition, the Court has personal jurisdiction over Defendants because they knowingly directed and targeted their actions at California and at Meta and Chime, both of which have their principal places of business in California. Defendants transacted business and engaged in commerce in California by, among other things, impersonating Chime, a California-based financial technology company, for the purpose of fraudulently accessing funds entrusted to Chime. In addition, the phishing websites Defendants used in the scheme used a U.S.-based domain registrar and hosting provider.

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged occurred in this District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction. Venue is also proper with respect to Defendants pursuant to 28 U.S.C. § 1391(c)(3) because no defendant resides in the United States.

16.     Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Meta is located in San Mateo County.

## FACTUAL ALLEGATIONS

### A.     Background on the Facebook and Instagram Platforms

17.     Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices. As of December 2021, Facebook daily active users averaged 1.93 billion and monthly active users averaged 2.91 billion, worldwide.

18.     Instagram is a photo and video sharing service, mobile application, and social network that, among other things, allows users to send and receive direct messages to and from other users. As of 2020, Instagram had over one billion active accounts worldwide.

/ / /

19.     At all times relevant to this action, Meta Platforms, Inc. (formerly known as Facebook, Inc.) has operated Facebook and Instagram.  Since April 2018, the Instagram TOU has stated that the Instagram TOU constitute an agreement between Instagram users and Facebook, Inc., now known as Meta.

**B.     Facebook's and Instagram's Terms and Policies ("the Terms")**

20.     All Facebook users agree to Facebook's TOS (available at https://www.facebook.com/terms/php) and other rules that govern access to and use of Facebook, which also include the Facebook Community Standards (available at https://transparency.fb.com/policies/community-standards/).

21.     All Instagram users agree to Instagram's TOU (available at https://help.instagram.com/478745558852511/?helpref=hc_fnav) and to other rules that govern access to and use of Instagram, including the Instagram Community Guidelines (available at https://help.instagram.com/477434105621119/?helpref=hc_fnav).

22.     Section 3.1 of the Facebook TOS requires users to "[u]se the same name that [they] use in everyday life," "[p]rovide accurate information about [them]self," "[c]reate only one account ([their] own)," and use that account "for personal purposes," and prohibits users from using Facebook if Meta "previously disabled [a user's] account for violations of [the TOS] or [Facebook] Policies."

23.     Section 3.2.1 of the Facebook TOS prohibits users from: (a) doing anything "unlawful, misleading, [] or fraudulent"; (b) doing anything that "infringes or violates someone else's rights, including their intellectual property rights"; and (c) "breach[ing] [the Facebook TOS], [Facebook] Community Standards, and other Terms and Policies that apply to [a user's] use of Facebook."

24.     The Facebook Community Standards expressly prohibit "deceiving others to generate a financial or personal benefit to the detriment of a third party or entity through . . . financial scams."  The Community Standards further prohibit users from "impersonat[ing] others by . . . creating an account assuming to be or speak for another person or entity."

/ / /

25.     Instagram's TOU prohibit users from (a) "do[ing] anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose"; (b) "do[ing] anything that violates someone else's rights, including intellectual property"; (c) "impersonat[ing] someone or something you aren't"; (d) "violat[ing] . . . [Instagram] Terms or [Instagram] policies"; and (e) using Instagram if Meta "previously disabled your account for violation of law or any of [Instagram's] policies."

26.     The Instagram Community Guidelines prohibit "impersonat[ing] others and . . . creat[ing] accounts for the purposes of violating our guidelines or misleading others."

### C.     Meta's Measures to Help Businesses Facing Harm On Its Platforms

27.     Meta prohibits Facebook and Instagram users from impersonating others and from posting content that infringes third-parties' intellectual property rights or is otherwise unlawful. *See, e.g.*, Facebook TOS, Sections 3.1 and 3.2.1; Facebook Community Standards; Instagram TOU, Instagram Community Guidelines.  Meta has a variety of measures and tools in place to help businesses facing harm on its platforms.

28.     For example, Meta offers "verified badges" on Facebook and Instagram, which show that an account is the authentic presence of the creator, public figure, celebrity, or global brand it represents.  *See* https://www.facebook.com/business/learn/lessons/verify-facebook-instagram-account.  Brands may apply for verification by filling out a publicly available form.  Meta's verification team reviews the applications based on a number of inputs to determine whether an account is eligible to be verified.  *Id.*

29.     In addition, Meta makes available dedicated communication channels for rights-holders to report posts or other user-generated content they believe to infringe their intellectual property rights, including dedicated reporting forms for trademark violations.  Meta reviews these reports and, if a report is complete and valid, removes the reported content.  Meta also notifies both the reporter and the violating user of the fact of and reason for the removal.  Meta also makes available dedicated communication channels for persons to report impersonating accounts and Pages.

/ / /

/ / /

D.     **Background on Chime and Chime's Intellectual Property Rights**

30.     Chime is a financial technology company that was founded in 2013 and first began offering services to consumers in 2014.  The company provides innovative financial technology products and services, which include offering various options for opening savings and spending accounts, allowing customers to utilize a CHIME-branded payment card in partnership with Visa, and offering a mobile app to allow customers to seamlessly manage their finances, transfer money, and track spending.

31.     Chime has quickly become one of the best-known and most valuable financial technology brands in the marketplace, and has gained the attention of several prominent investors who have helped to launch the brand into the mainstream and boost its recognition as a trusted, secure, and reliable platform for financial services.

32.     Since 2014, Chime has consistently and exclusively offered its products and services under the CHIME brand and mark, including the stylized Chime logo shown below (collectively, the "Chime Marks"):



33.     Each year, Chime allocates significant time and resources on advertising to promote its products and services offered under the Chime Marks in the United States, including via its official website, https://www.chime.com/, through its mobile app, Chime – Mobile Banking, which is available on the Apple App Store as well as the Google Play Store, via social media at https://www.facebook.com/chime, https://www.instagram.com/chime/, and https://twitter.com/chime, and through television, print and digital advertising.

34.     By virtue of its extensive advertising and promotion, and as a result of Chime's successful efforts in developing and providing innovative, trustworthy and secure products and services in the fintech space, the Chime Marks have become instantly recognizable to the public as exclusively denoting Chime as the source of the products and services offered under the Chime

Marks.  In addition to being inherently distinctive, the Chime Marks have acquired substantial goodwill and strong secondary meaning and are enormously valuable assets of Chime.

35.    Along with its robust common law rights, Chime also owns federal registrations and pending applications for the Chime Marks, including:

| *Mark* | *Reg'n/App No.* | *Reg'n Date* | *Class and Goods/Services* |
|---|---|---|---|
| CHIME | 4,728,805 | 04/28/2015 | IC 9:  Downloadable software in the nature of a mobile application to allow users to search, identify, and redeem loyalty reward offers<br><br>IC 36:  Financial services, namely, credit and debit card services; loyalty program payment processing services |
| CHIME | 6,053,385 | 05/12/2020 | IC 9:  Magnetically encoded debit cards; Downloadable computer application software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills and transferring money<br><br>IC 36:  ATM banking services; Banking services; Bill payment services; Checking account services; Credit and loan services; Financial services, namely, electronic remote check deposit services; Money transfer; On-line banking services; Savings account services |
| **chime** | 90/906,784 | N/A | IC 009: downloadable software allowing users to search, identify, and redeem loyalty reward offers; magnetically encoded debit cards and credit cards; downloadable software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings |

| | | | |
|---|---|---|---|
| | | | accounts, paying bills, conducting financial transactions and transferring money; downloadable software for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; downloadable software for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; downloadable software to facilitate electronic, mobile and online payments<br><br>IC 035: monitoring consumer credit reports and providing an alert as to any changes therein for business purposes; business advice and business information relating to finance, loans, and credit monitoring; consultancy services regarding business succession, transition, and termination strategies; business administration of user loyalty programs featuring discounts and rebates for the services of others; providing incentive award programs through issuance and processing of points for the purchase of goods and services of others; promoting the sale of goods of others through electronic promotions and discounts; administration of consumer loyalty programs<br><br>IC 036: financial services, namely, credit and debit card services; loyalty program payment processing services; ATM banking services; banking services; bill payment services; checking account services; credit, financing and loan services; financial services, namely, electronic remote check deposit services; electronic money transfer; online banking and |

| | | | |
|---|---|---|---|
| | | | financial services; savings account services; debit account services featuring a computer readable card; consumer credit consultation; consumer lending services; financial planning and advisory services; financial asset management; financial planning for retirement; financial counseling services<br><br>IC 041: providing online non-downloadable publications in the nature of articles in the fields of banking, finance, loans, and credit monitoring<br><br>IC 042: software as a service allowing users to search, identify, and redeem loyalty reward offers; software as a service for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; software as a service for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; software as a service for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; software as a service to facilitate electronic, mobile and online payments |
| **chime** | 90/906,790 | N/A | IC 009: downloadable software allowing users to search, identify, and redeem loyalty reward offers; magnetically encoded debit cards and credit cards; downloadable software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and |

| | | | |
|---|---|---|---|
| | | | transferring money; downloadable software for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; downloadable software for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; downloadable software to facilitate electronic, mobile and online payments<br><br>IC 035: monitoring consumer credit reports and providing an alert as to any changes therein for business purposes; business advice and business information relating to finance, loans, and credit monitoring; consultancy services regarding business succession, transition, and termination strategies; business administration of user loyalty programs featuring discounts and rebates for the services of others; providing incentive award programs through issuance and processing of points for the purchase of goods and services of others; promoting the sale of goods of others through electronic promotions and discounts; administration of consumer loyalty programs<br><br>IC 036: financial services, namely, credit and debit card services; loyalty program payment processing services; ATM banking services; banking services; bill payment services; checking account services; credit, financing and loan services; financial services, namely, electronic remote check deposit services; electronic money transfer; online banking and financial services; savings account services; debit account |

| | | | services featuring a computer readable card; consumer credit consultation; consumer lending services; financial planning and advisory services; financial asset management; financial planning for retirement; financial counseling services <br><br> IC 041: providing online non-downloadable publications in the nature of articles in the fields of banking, finance, loans, and credit monitoring <br><br> IC 042: software as a service allowing users to search, identify, and redeem loyalty reward offers; software as a service for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; software as a service for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; software as a service for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; software as a service to facilitate electronic, mobile and online payments |
| --- | --- | --- | --- |

36.     Printouts detailing the registration and application information for the above marks are attached hereto as **Exhibit A**.  The above-referenced registrations are valid, well-known, subsisting, and in full force, and serve as prima facie evidence of Chime's exclusive rights in and to the Chime Marks.  Additionally, Reg. No. 4,728,805 referenced above has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus constitutes conclusive evidence of Chime's exclusive right to use this mark in connection with the products and services specified in the registration pursuant to Sections 7 and 33 of the Lanham Act, 15 U.S.C. §§ 1057, 1115(b).

**E.      Chime's Monitoring and Enforcement Measures to Protect its**
**Intellectual Property Rights**

37.      Chime is committed to protecting and safeguarding its intellectual property rights and assets in order to ensure that Chime's unique and valuable brand is strengthened and preserved. Moreover, Chime invests substantial time and resources in intellectual property enforcement programs and strategies to protect consumers and clients from infringing, unauthorized, and fraudulent services.

38.      As part of its enforcement efforts, Chime has successfully worked to take down several fraudulent, infringing, and unauthorized websites and accounts, including social media accounts using the Chime Marks to advertise and purportedly offer financial services.

39.      Chime works closely with entities that provide online brand enforcement services to monitor, flag, and take down infringing domain names that use the Chime Marks and variants, and has taken down numerous websites, many of which are hosted on the GoDaddy domain name registrar. In addition, Chime works with registrars directly to initiate takedowns through the relevant registrars' complaint and takedown procedures.

40.      Chime also utilizes online brand protection tools to monitor websites and social media platforms for infringing uses of the Chime Marks and works to remove infringing sites and accounts which are making unauthorized use of Chime's intellectual property. Oftentimes, the owners of these websites and accounts pose as Chime in an effort to lure Chime members into providing these bad actors with personal information, including login information for the Chime members' accounts. Bad actors—like the Defendants—try to gain access to Chime customers' accounts by sending direct messages to unsuspecting Chime customers on social media sites, requesting that they provide their Chime account login information or by luring the Chime customers to fake CHIME-branded phishing websites.

41.      Because the Chime Marks are infringed for the purpose of tricking unsuspecting Chime members into disclosing their account details or other confidential information about their Chime accounts, Chime closely monitors use of its website, mobile applications and technology platforms for suspicious activity and takes swift and appropriate measures to investigate and address

unauthorized access to member accounts.  Chime also provides a mechanism by which its members can report suspicious activity and dispute unauthorized transactions.

42.     Despite the significant expenditure of time and resources Chime allocates to monitoring and enforcement strategies, Chime has suffered, and continues to suffer, harm as a result of Defendants' unlawful activities.

43.     Chime is bringing this action to deter Defendants' unauthorized use of Chime's name and marks, including, but not limited to, Defendants setting up fake imposter Instagram accounts to dupe unsuspecting Instagram users into thinking that they are communicating with Chime when they are not and to entice these users to provide the Defendants with confidential information about the Chime members' accounts.

### F.     Overview of Defendants' Phishing Scheme

44.     Since at least March 2020, Defendants have used a network of Instagram accounts to impersonate Chime and lure Instagram users to Chime-branded phishing websites, in violation of the Terms.

45.     On information and belief, at the phishing websites, Defendants collected Chime members' login credentials and used them to withdraw money from their accounts.  These phishing websites used, without authorization, the Chime Marks, including but not limited to the Chime logo, the word "Chime" in the URL, and images taken from the Chime's official website available at www.chime.com (the "Official Chime Website"), to purportedly offer online banking services.  The phishing websites also prompted visitors to provide their Chime login information (email and password).

46.     **Figure 1** is the Official Chime Website featuring Chime's logo and images of Chime's mobile app and a Chime-branded Visa card.  **Figure 2** depicts one of the phishing websites used by Defendant Arowokoko, available at https://chime62.godaddysites.com as of August 3, 2021 making unauthorized infringing use of the Chime Marks and misusing the branding from the Official Chime Website, including the logo and images of Chime's mobile app and a Chime-branded Visa Card.

/ / /

COMPLAINT; DEMAND FOR JURY TRIAL                                                                - 14 -
CASE NO.:  3:22-cv-803

**Figure 1: Official Chime Website chime.com**



/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Figure 2: Example Phishing Website chime62.godaddysites.com as of August 3, 2021**



47.     Defendants used spurious marks that are identical to, or substantially indistinguishable from, or are otherwise confusingly similar to, the Chime Marks online, including on phishing websites and/or on Facebook and Instagram, without Chime's authorization.  Chime has not authorized or licensed Defendants' use of its intellectual property, including but not limited to the Chime Marks.

### G.     Defendants Accepted the Facebook and Instagram Terms

48.     Beginning no later than March 2020, Defendants accepted and were bound by the Terms.  Defendants created and used multiple Facebook and Instagram accounts and agreed to the Facebook TOS and Community Standards and the Instagram TOU and Community Guidelines.  In total, Defendants controlled more than five Facebook accounts and more than 800 Instagram accounts across multiple devices.  Many of these accounts used the Chime logo as their profile photo and the word "Chime" with varied spellings in the username, such as "_ch_im_e_" and "chime942."

### H.     Defendants Impersonated Chime in Violation of the Facebook and Instagram Terms

49.     Between no later than March 2020 and October 2021, Defendants used their network of Chime-branded Facebook and Instagram accounts to impersonate Chime in violation of the Terms.  For example, Defendants used Chime-branded usernames, domains, and/or profile photos in these accounts without Chime's authorization.  *See, e.g.*, **Figures 3-5**.

50.     For example, on July 28, 2020, Defendant Arowokoko created an Instagram account with the username "chim_45."  On the same day, Defendant Arowokoko changed the account's username to "_ch_im_e_" and used the Chime logo, without Chime's authorization, as the account's profile photo to advertise and promote purported online banking services, as seen in **Figure 3**.

/ / /

/ / /

/ / /

/ / /

/ / /

1  **Figure 3: Defendant Arowokoko's "_ch_im_e_" Instagram Account Bio & Profile Photo**



51.    On July 28, 2020, Defendant Arowokoko used this account to post an image featuring Chime's logo and signature green color scheme as seen in **Figure 4**, which was copied from Chime's official Instagram account, for the purpose of duping unsuspecting Instagram users into believing that Arowokoko's account was, in fact, a real Chime account or was otherwise authorized by Chime, when it was not.

**Figure 4: Defendant Arowokoko's July 28, 2020 Post Copied from Chime's Official Instagram Account**



52.     On August 24, 2020, Meta disabled Defendant Arowokoko's "_ch_im_e_" account for violating Instagram's Terms.

53.     Chime has also taken action to disable Arowokoko's unauthorized access to legitimate Chime member accounts.

54.     On July 18, 2020, Defendant Opeyemi created an Instagram account with the username "chim_e55" and used the Chime logo, without Chime's authorization, as the account's profile photo to advertise and promote purported online banking services, as seen in **Figure 5**.

**Figure 5: Defendant Opeyemi's "chim_e55" Instagram Account Bio & Profile Photo**



55.     On July 18, 2020, Defendant Opeyemi used this account to post an image featuring Chime's logo and signature green color scheme as seen in **Figure 6**, which was copied from Chime's official Instagram account, for the purpose of duping unsuspecting Instagram users into believing that Opeyemi's account was, in fact, a real Chime account or was otherwise authorized by Chime, when it was not.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Figure 6: Defendant Opeyemi's July 18, 2020 Post Copied from Chime's Official Instagram Account**



56.     On July 19, 2020, Meta disabled Defendant Opeyemi's "chim_e55" account for violating Instagram's Terms.

57.     Chime has also taken action to disable Opeyemi's unauthorized access to legitimate Chime member accounts.

## I.     Meta's Enforcement Efforts

58.     Since June 2020, Meta has taken multiple enforcement actions against Defendants for violating its Terms, including as recently as October 22, 2021.  These include disabling Facebook and Instagram accounts and blocking Defendants' phishing websites from its services.  In addition, on July 9, 2021, Meta sent Defendants cease-and-desist letters notifying Defendants that their conduct violated the Terms and revoking their access to Facebook and Instagram. Nonetheless, Defendants continued to create new Chime-impersonating accounts.

59.      In total, between June 5, 2020 and October 22, 2021, Meta disabled more than 800 Facebook and Instagram accounts and blocked phishing websites associated with Defendants and their scheme from being accessed on Facebook and Instagram.

**FIRST CAUSE OF ACTION**

**(By Chime against Defendants)**

**COUNTERFEITING (15 U.S.C. § 1114(1))**

60.     Chime repeats and incorporates all other paragraphs as if fully set forth herein.

61.     The Chime Marks are all valid marks entitled to protection under the Lanham Act, and are registered or pending registration on the principal register in the United States Patent and Trademark Office. Plaintiff Chime is the exclusive owner and registrant (as applicable) of the Chime Marks.

62.     Defendants' unauthorized use in interstate commerce of the Chime Marks for alleged services seemingly identical in type to those provided by Chime under the Chime Marks and for which the Chime Marks are registered is likely to cause confusion or to cause mistake or to deceive Defendants' customers or potential consumers and the public as to the source or sponsorship of Defendants' services.  Consumers are likely to be misled into believing that Defendants' illegitimate services are offered by, licensed by, sponsored by, approved by or otherwise associated with Chime.

63.     Because Defendants' alleged services incorporate the registered Chime Marks without Chime's consent, and the marks are used on and in connection with services seemingly identical in type to those provided and registered by Chime under the Chime Marks, Defendants' illegitimate CHIME-branded services are counterfeit services under 15 U.S.C. § 1116(d).

64.     Upon information and belief, Defendants were on both actual and constructive notice of Chime's exclusive rights in the registered Chime Marks prior to Defendants' own use of the Chime Marks.  Defendants' use of the Chime Marks is willful, in bad faith, and with full knowledge of the goodwill and reputation associated with the Chime Marks, and with full knowledge that Defendants have no right, license, or authority to use the Chime Marks or any other mark confusingly similar thereto.

65.     Defendants' acts are intended to illegally reap the benefit of the goodwill that Chime has created in its Chime Marks and constitute counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

66.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chime and, unless enjoined by this Court, will continue to both damage Chime and deceive the public.  Chime has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**(By Chime against Defendants)**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

67.     Chime repeats and incorporates all other paragraphs as if fully set forth herein.

68.     The Chime Marks are all valid marks entitled to protection under the Lanham Act, and are registered or pending registration on the principal register in the United States Patent and Trademark Office. Plaintiff Chime is the exclusive owner and registrant (as applicable) of the Chime Marks.

69.     Defendants' unauthorized use in interstate commerce of the Chime Marks for alleged services seemingly identical in type to those provided by Chime under the Chime Marks is likely to cause confusion or to cause mistake or to deceive Defendants' customers or potential consumers and the public as to the source or sponsorship of Defendants' alleged services.  Consumers are likely to be misled into believing that Defendants' alleged services are offered by, licensed by, sponsored by, approved by, or otherwise associated with Chime.

70.     Upon information and belief, Defendants were on both actual and constructive notice of Chime's exclusive rights in the registered Chime Marks prior to Defendants' own use of the Chime Marks.  Defendants' use of Chime Marks is willful, in bad faith, and with full knowledge of the goodwill and reputation associated with the Chime Marks, and with full knowledge that Defendants have no right, license or authority to use the Chime Marks or any other mark confusingly similar thereto.

71.     Defendants' acts are intended to reap the benefit of the goodwill that Chime has created in its Chime Marks and constitute infringement of Plaintiff's federally registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

/ / /

/ / /

72.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chime and, unless enjoined by this Court, will continue to both damage Chime and deceive the public.  Chime has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**(*By Chime against Defendants*)**

**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

73.     Chime repeats and incorporates all other paragraphs as if fully set forth herein.

74.     Defendants' unauthorized use in interstate commerce of the Chime Marks constitutes false designation of origin and false representation with respect to the origin of Defendants' services.  Defendants' use of the Chime Marks is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the false impression that Defendants are affiliated with or sponsored by Chime or that their alleged services are authorized, sponsored, endorsed, licensed by, or affiliated with Chime.  Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.     Defendants' use of the Chime Marks in connection with their own illegitimate and fraudulent services destroys the value, exclusivity and reputation of the Chime Marks.

76.     Defendants' conduct has caused and is causing immediate and irreparable injury to Chime and will continue both to damage Chime and to deceive the public unless enjoined by this Court.  Chime has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT UNDER CALIFORNIA LAW**

**(*By Meta against Defendants*)**

77.     Meta repeats and incorporates all other paragraphs as if fully set forth herein.

78.     Defendants created and used Facebook and Instagram accounts, and agreed to the Facebook TOS, Facebook Community Standards, Instagram TOU, and Instagram Community Guidelines.

/ / /

/ / /

79.     Defendants breached the Facebook TOS, Facebook Community Standards, Instagram TOU, and Instagram Community Guidelines by taking the actions described above, including by using their accounts to impersonate Chime and defraud users.

80.     Defendants breached the Instagram TOU by continuing to use Instagram after Meta previously disabled their accounts for violating the Instagram TOU.

81.     Meta has performed all conditions, covenants, and promises required of it in accordance with their agreements with Defendants.

82.     Defendants' many breaches have caused Meta to incur damages in excess of $75,000, in an amount to be determined at trial, including significant time and expense spent investigating and taking enforcement actions against the Defendants to stop their repeated unlawful attempts to impersonate Chime on Facebook and Instagram.

83.     The Defendants have demonstrated a pattern of creating new accounts after previously created accounts have been disabled, establishing a pattern of recidivism and attempts to bypass Meta's prior enforcement efforts.

84.     Meta is, therefore, entitled to a permanent injunction against Defendants as set forth in the Prayer for Relief below to stop Defendants' persistent breaches.

<strong>REQUEST FOR RELIEF</strong>

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.   That the Court enter judgment against Defendants that Defendants have:

    a.   Breached Defendants' contracts with Meta in violation of California law;

    b.   Used the Chime Marks in a manner that constitutes counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    c.   Infringed the Chime Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    d.   Unfairly competed with Chime in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.   That the Court enter a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons

acting in concert or conspiring with any of them or who are affiliated with Defendants from:

    a.  Accessing or attempting to access Meta's services, platforms, and computer systems, including Facebook and Instagram;

    b.  Creating or maintaining any Facebook or Instagram accounts in violation of the Terms, including the Facebook TOS, Facebook Community Standards, Instagram TOU, and Instagram Community Guidelines;

    c.  Engaging in any activity, or facilitating others to do the same, that violates the Terms, including the Facebook TOS, Facebook Community Standards, Instagram TOU, and Instagram Community Guidelines;

    d.  Using any reproduction, counterfeit, copy, or colorable imitation of the Chime Marks, or any mark confusingly similar thereto, for or in connection with any goods or services not authorized by Chime;

    e.  Engaging in any course of conduct likely to cause confusion or deception, or to injure Chime's business reputation or the Chime  Marks;

    f.  Using any false description or representation, including words or other symbols falsely to describe or represent Defendants' unauthorized goods or services as Chime's, or as sponsored or associated with Chime, and from offering such fraudulent and illegitimate goods or services into commerce;

    g.  Making any false or misleading representation of fact concerning their affiliation with Chime, including but not limited to representing falsely that they are Chime ambassadors or reps;

    h.  Distributing, circulating, marketing, offering, advertising, promoting, displaying or otherwise disposing of any products or services not authorized by Chime that bear any simulation, reproduction, counterfeit copy, or colorable imitation of the Chime Marks;

    i.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or

may be likely to lead the trade or public, or individual members thereof, to believe that any alleged services offered or distributed by Defendants are in any manner associated or connected with Chime, or are licensed, sponsored, approved, or authorized by Chime;

      j. Creating, operating, owning, overseeing, or otherwise exercising control over any websites, social media, chat platforms or related apps that embed, incorporate, include, display or otherwise use in any manner any of the Chime Marks, variants thereof, or marks or designations confusingly similar thereto;

      k. Effecting assignments or transfers, or forming new accounts, entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action.

3. Directing that Defendants turn over to Chime for impoundment and eventual destruction, without compensation to Defendants, all materials, including but not limited to physical and electronic materials, in their possession or control that contain or refer to the Chime Marks, along with all articles by means of which such unauthorized copies may be reproduced.

4. Directing that Defendants, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which they have complied with the permanent injunction.

5. That Chime recover its damages sustained as a result of Defendants' wrongful actions.

6. That Chime recover Defendants' profits made as a result of Defendants' wrongful actions.

/ / /

7. That Chime recover three times Defendants' profits made as a result of Defendants' wrongful actions, or three times Chime's damages, whichever is greater.

8. In the alternative, that Chime be awarded statutory damages in the amount of $2,000,000 for each of the Chime Marks counterfeited by each of the Defendants.

9. That Meta be awarded damages in an amount to be proven at trial and costs, incurred in this action, as permitted by law.

10. That Plaintiffs be awarded their costs, reasonable attorneys' fees and investigators' fees incurred in this action, as permitted by law.

11. That Plaintiffs be awarded pre-judgment interest on their judgment.

12. That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

DATED:  February 8, 2022          Respectfully submitted,

                                  KILPATRICK TOWNSEND & STOCKTON LLP


                                  By:   /s/ Dennis L. Wilson
                                        DENNIS L. WILSON
                                        CAROLINE Y. BARBEE

                                  Attorneys for Plaintiff
                                  META PLATFORMS, INC.

                                        Platform Enforcement and Litigation
                                        Meta Platforms, Inc.
                                        Jessica Romero
                                        Bridget Anne Freeman
                                        Lisa Elizondo

                                        -and-

/ / /

/ / /

/ / /

/ / /

/ / /

DATED:  February 8, 2022

Respectfully submitted,

BAKER BOTTS L.L.P.


By:  /s/ *Sarah Guske*
       SARAH GUSKE
       SUZANNE HENGL

Attorneys for Plaintiff
CHIME FINANCIAL, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

3

4     DATED:  February 8, 2022          Respectfully submitted,

5                                       KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                       By:   /s/ *Dennis L. Wilson*
                                            DENNIS L. WILSON
8                                           CAROLINE Y. BARBEE

9                                       Attorneys for Plaintiff
                                        META PLATFORMS, INC.
10

11                                          Platform Enforcement and Litigation
                                            Meta Platforms, Inc.
12                                          Jessica Romero
                                            Bridget Anne Freeman
13                                          Lisa Elizondo

14                                          -and-

15
      DATED:  February 8, 2022          Respectfully submitted,
16
                                        BAKER BOTTS L.L.P.
17

18                                      By:   /s/ *Sarah Guske*
                                            SARAH GUSKE
19                                          SUZANNE HENGL

20                                      Attorneys for Plaintiff
                                        CHIME FINANCIAL, INC.
21

22

23

24

25

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL                                    - 29 -
CASE NO.:  3:22-cv-803

1

## <u>ELECTRONIC SIGNATURE ATTESTATION</u>

2          I hereby attest that I have on file all holographic signatures corresponding to any signatures

3     indicated by a confirmed (/s/) with this e-filed document.

4

5     DATED:  February 8, 2022          Respectfully submitted,

6                                       KILPATRICK TOWNSEND & STOCKTON LLP

7

8                                       By:    /s/ *Dennis L. Wilson*
                                                DENNIS L. WILSON
9                                               CAROLINE Y. BARBEE

10                                      Attorneys for Plaintiff
                                        META PLATFORMS, INC.
11
                                              Platform Enforcement and Litigation
12                                            Meta Platforms, Inc.
                                              Jessica Romero
13                                            Bridget Anne Freeman
                                              Lisa Elizondo
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Generated on:** This page was generated by TSDR on 2022-01-31 14:13:30 EST

**Mark:** CHIME



| | |
|---|---|
| **US Serial Number:** 86178636 | **Application Filing Date:** Jan. 29, 2014 |
| **US Registration Number:** 4728805 | **Registration Date:** Apr. 28, 2015 |
| **Register:** Principal | |
| **Mark Type:** Trademark, Service Mark | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Status Date:** Aug. 22, 2021

**Publication Date:** Jun. 10, 2014 **Notice of Allowance Date:** Aug. 05, 2014

---

## Mark Information

**Mark Literal Elements:** CHIME

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

---

## Related Properties Information

**International Registration Number:** 1623164

**International Application(s) /Registration(s) Based on this Property:** A0113425/1623164

---

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Downloadable software in the nature of a mobile application to allow users to search, identify, and redeem loyalty reward offers

**International Class(es):** 009 - Primary Class          **U.S Class(es):** 021, 023, 026, 036, 038

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Feb. 04, 2014          **Use in Commerce:** Feb. 04, 2014

---

**For:** Financial services, namely, credit and debit card services; loyalty program payment processing services

| | | | |
|---|---|---|---|
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Dec. 01, 2013 | **Use in Commerce:** | Feb. 13, 2014 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | Yes |
| **Filed ITU:** | Yes | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CHIME FINANCIAL, INC. |
| **Owner Address:** | 19th Floor<br>225 Bush Street<br>San Francisco, CALIFORNIA UNITED STATES 94104 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | DELAWARE |

## Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Alyssa M. Worsham | **Docket Number:** | 61569-TM1003 |
| **Attorney Primary Email Address:** | trademarks@wsgr.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | Alyssa M. Worsham<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CALIFORNIA UNITED STATES 94304 | | |
| **Phone:** | 650-493-9300 | **Fax:** | 650-493-6811 |
| **Correspondent e-mail:** | trademarks@wsgr.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 07, 2021 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | 88888 |
| Sep. 07, 2021 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Sep. 07, 2021 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Sep. 07, 2021 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Sep. 07, 2021 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Aug. 22, 2021 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Aug. 22, 2021 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 70132 |
| Aug. 21, 2021 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 70132 |
| Apr. 28, 2021 | TEAS SECTION 8 & 15 RECEIVED | |
| Apr. 28, 2020 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |
| Dec. 18, 2019 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Apr. 28, 2015 | REGISTERED-PRINCIPAL REGISTER | |
| Mar. 24, 2015 | NOTICE OF ACCEPTANCE OF STATEMENT OF USE E-MAILED | |
| Mar. 23, 2015 | ALLOWED PRINCIPAL REGISTER - SOU ACCEPTED | |

| | | |
|---|---|---|
| Mar. 10, 2015 | STATEMENT OF USE PROCESSING COMPLETE | 66230 |
| Jan. 30, 2015 | USE AMENDMENT FILED | 66230 |
| Mar. 09, 2015 | CASE ASSIGNED TO INTENT TO USE PARALEGAL | 66230 |
| Jan. 30, 2015 | TEAS STATEMENT OF USE RECEIVED | |
| Aug. 05, 2014 | NOA E-MAILED - SOU REQUIRED FROM APPLICANT | |
| Jun. 10, 2014 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jun. 10, 2014 | PUBLISHED FOR OPPOSITION | |
| May 21, 2014 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| May 05, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 05, 2014 | ASSIGNED TO EXAMINER | 81877 |
| Feb. 11, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 01, 2014 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | TMEG LAW OFFICE 104 | **Date in Location:** | Aug. 22, 2021 |

# Assignment Abstract Of Title Information

**Summary**

| | | |
|---|---|---|
| **Total Assignments:** | 1 | |
| | | **Registrant:** 1debit, Inc. |

**Assignment 1 of 1**

| | | |
|---|---|---|
| **Conveyance:** | CHANGE OF NAME | |
| **Reel/Frame:** | 6812/0596 | **Pages:** 2 |
| **Date Recorded:** | Dec. 10, 2019 | |
| **Supporting Documents:** | assignment-tm-6812-0596.pdf | |

**Assignor**

| | | | |
|---|---|---|---|
| **Name:** | 1DEBIT, INC. | **Execution Date:** | May 10, 2019 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

**Assignee**

| | | | |
|---|---|---|---|
| **Name:** | CHIME FINANCIAL, INC. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |
| **Address:** | 225 BUSH STREET 19TH FLOOR SAN FRANCISCO, CALIFORNIA 94104 | | |

**Correspondent**

| | |
|---|---|
| **Correspondent Name:** | C. BRANDON BROWNING |
| **Correspondent Address:** | SUITE 2400 1901 SIXTH AVENUE NORTH BIRMINGHAM, AL 35203 |

**Domestic Representative - Not Found**



# United States of America
### United States Patent and Trademark Office

# CHIME

**Reg. No. 4,728,805**
**Registered Apr. 28, 2015**
**Int. Cls.: 9 and 36**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

1DEBIT, INC. (DELAWARE CORPORATION)
19TH FLOOR
225 BUSH STREET
SAN FRANCISCO, CA 94104

FOR: DOWNLOADABLE SOFTWARE IN THE NATURE OF A MOBILE APPLICATION TO ALLOW USERS TO SEARCH, IDENTIFY, AND REDEEM LOYALTY REWARD OFFERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-4-2014; IN COMMERCE 2-4-2014.

FOR: FINANCIAL SERVICES, NAMELY, CREDIT AND DEBIT CARD SERVICES; LOYALTY PROGRAM PAYMENT PROCESSING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-1-2013; IN COMMERCE 2-13-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 86-178,636, FILED 1-29-2014.

JASON BLAIR, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**Generated on:** This page was generated by TSDR on 2022-01-31 14:14:45 EST

**Mark:** CHIME



| | | | |
|---|---|---|---|
| **US Serial Number:** | 88658842 | **Application Filing Date:** | Oct. 17, 2019 |
| **US Registration Number:** | 6053385 | **Registration Date:** | May 12, 2020 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** May 12, 2020

**Publication Date:** Feb. 25, 2020

## Mark Information

**Mark Literal Elements:** CHIME

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Related Properties Information

**International Registration Number:** 1623164

**International Application(s)/Registration(s) Based on this Property:** A0113425/1623164

**Claimed Ownership of US Registrations:** 4728805

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Magnetically encoded debit cards; Downloadable computer application software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills and transferring money

**International** 009 - Primary Class              **U.S Class(es):** 021, 023, 026, 036, 038

| | |
|---|---|
| **Class(es):** | |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Apr. 15, 2014 |

**Use in Commerce:** Apr. 15, 2014

| | |
|---|---|
| **For:** | ATM banking services; Banking services; Bill payment services; Checking account services; Credit and loan services; Financial services, namely, electronic remote check deposit services; Money transfer; On-line banking services; Savings account services |
| **International Class(es):** | 036 - Primary Class |

**U.S Class(es):** 100, 101, 102

| | |
|---|---|
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Apr. 15, 2014 |

**Use in Commerce:** Apr. 15, 2014

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Chime Financial, Inc. |
| **Owner Address:** | 19th Floor 225 Bush Street San Francisco, CALIFORNIA UNITED STATES 94104 |
| **Legal Entity Type:** | CORPORATION |

**State or Country Where Organized:** DELAWARE

## Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | Alyssa M. Worsham |
| **Attorney Primary Email Address:** | trademarks@wsgr.com |

**Docket Number:** 61569-TM1002

**Attorney Email Authorized:** Yes

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | Alyssa M. Worsham WILSON SONSINI GOODRICH & ROSATI 650 Page Mill Road Palo Alto, CALIFORNIA UNITED STATES 94304 |
| **Phone:** | 650-493-9300 |
| **Correspondent e-mail:** | trademarks@wsgr.com |

**Fax:** 650-493-6811

**Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 07, 2021 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | 88888 |
| Sep. 07, 2021 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Sep. 07, 2021 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Sep. 07, 2021 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Sep. 07, 2021 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| May 12, 2020 | REGISTERED-PRINCIPAL REGISTER | |
| Feb. 25, 2020 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Feb. 25, 2020 | PUBLISHED FOR OPPOSITION | |

| | | |
|---|---|---|
| Feb. 05, 2020 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jan. 23, 2020 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jan. 23, 2020 | ASSIGNED TO EXAMINER | 81860 |
| Oct. 22, 2019 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Oct. 21, 2019 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** May 12, 2020

# United States of America

## United States Patent and Trademark Office

# CHIME

**Reg. No. 6,053,385**

**Registered May 12, 2020**

**Int. Cl.: 9, 36**

**Service Mark**

**Trademark**

**Principal Register**

Chime Financial, Inc.  (DELAWARE CORPORATION)
19th Floor
225 Bush Street
San Francisco, CALIFORNIA 94104

CLASS 9: Magnetically encoded debit cards; Downloadable computer application software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills and transferring money

FIRST USE 4-15-2014; IN COMMERCE 4-15-2014

CLASS 36: ATM banking services; Banking services; Bill payment services; Checking account services; Credit and loan services; Financial services, namely, electronic remote check deposit services; Money transfer; On-line banking services; Savings account services

FIRST USE 4-15-2014; IN COMMERCE 4-15-2014

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4728805

SER. NO. 88-658,842, FILED 10-17-2019



Director of the United States
Patent and Trademark Office



**Generated on:** This page was generated by TSDR on 2022-01-31 14:15:32 EST

**Mark:** CHIME



**US Serial Number:** 90906784

**Application Filing Date:** Aug. 27, 2021

**Register:** Principal

**Mark Type:** Trademark, Service Mark

**TM5 Common Status Descriptor:** LIVE/APPLICATION/Awaiting Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner.

**Status:** New application will be assigned to an examining attorney approximately 6 months after filing date.

**Status Date:** Aug. 31, 2021

## Mark Information

**Mark Literal Elements:** CHIME

**Standard Character Claim:** No

**Mark Drawing Type:** 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM

**Description of Mark:** The mark consists of the stylized word "CHIME".

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** downloadable software allowing users to search, identify, and redeem loyalty reward offers; magnetically encoded debit cards and credit cards; downloadable software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; downloadable software for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; downloadable software for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; downloadable software to facilitate electronic, mobile and online payments

**International Class(es):** 009 - Primary Class          **U.S Class(es):** 021, 023, 026, 036, 038

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** monitoring consumer credit reports and providing an alert as to any changes therein for business purposes; business advice and business information relating to finance, loans, and credit monitoring; consultancy services regarding business succession, transition, and termination strategies; business administration of user loyalty programs featuring discounts and rebates for the services of others; providing incentive award programs through issuance and processing of points for the purchase of goods and services of others; promoting the sale of goods of others through electronic promotions and discounts; administration of consumer loyalty programs

**International Class(es):** 035 - Primary Class          **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** financial services, namely, credit and debit card services; loyalty program payment processing services; ATM banking services; banking services; bill payment services; checking account services; credit, financing and loan services; financial services, namely, electronic remote check deposit services; electronic money transfer; online banking and financial services; savings account services; debit account services featuring a computer readable card; consumer credit consultation; consumer lending services; financial planning and advisory services; financial asset management; financial planning for retirement; financial counseling services

| | | | |
|---|---|---|---|
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

**For:** providing online non-downloadable publications in the nature of articles in the fields of banking, finance, loans, and credit monitoring

| | | | |
|---|---|---|---|
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** | 100, 101, 107 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

**For:** software as a service allowing users to search, identify, and redeem loyalty reward offers; software as a service for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; software as a service for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; software as a service for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; software as a service to facilitate electronic, mobile and online payments

| | | | |
|---|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Chime Financial, Inc |
| **Owner Address:** | 77 Maiden Lane, Floor 6<br>San Francisco, CALIFORNIA UNITED STATES 94108 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized** | DELAWARE |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Alyssa M. Worsham | **Docket Number:** | 61569-TM1004 |
| **Attorney Primary Email Address:** | trademarks@wsgr.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | ALYSSA M. WORSHAM<br>WILSON SONSINI GOODRICH & ROSATI<br>650 PAGE MILL ROAD<br>PALO ALTO, CALIFORNIA UNITED STATES 94304 | | |
| **Phone:** | 650-493-9300 | **Fax:** | 650-493-6811 |
| **Correspondent e-mail:** | trademarks@wsgr.com | **Correspondent e-mail Authorized:** | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Oct. 13, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 31, 2021 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

| TM Staff Information - None |
|---|
| File Location |

**Current Location:** NEW APPLICATION PROCESSING          **Date in Location:** Aug. 31, 2021

**Generated on:** This page was generated by TSDR on 2022-01-31 14:16:15 EST

**Mark:** CHIME



**US Serial Number:** 90906790

**Application Filing Date:** Aug. 27, 2021

**Register:** Principal

**Mark Type:** Trademark, Service Mark

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Awaiting Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner.

**Status:** New application will be assigned to an examining attorney approximately 6 months after filing date.

**Status Date:** Aug. 31, 2021

## Mark Information

**Mark Literal Elements:** CHIME

**Standard Character Claim:** No

**Mark Drawing Type:** 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM

**Description of Mark:** The mark consists of the stylized word "CHIME" in green.

**Color Drawing:** Yes

**Color(s) Claimed:** The color(s) green is/are claimed as a feature of the mark.

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** downloadable software allowing users to search, identify, and redeem loyalty reward offers; magnetically encoded debit cards and credit cards; downloadable software for mobile phones, tablets, handheld computers and mobile devices, namely, software for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; downloadable software for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; downloadable software for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; downloadable software to facilitate electronic, mobile and online payments

**International Class(es):** 009 - Primary Class    **U.S Class(es):** 021, 023, 026, 036, 038

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** monitoring consumer credit reports and providing an alert as to any changes therein for business purposes; business advice and business information relating to finance, loans, and credit monitoring; consultancy services regarding business succession, transition, and termination strategies; business administration of user loyalty programs featuring discounts and rebates for the services of others; providing incentive award programs through issuance and processing of points for the purchase of goods and services of others; promoting the sale of goods of others through electronic promotions and discounts; administration of consumer loyalty programs

**International Class(es):** 035 - Primary Class    **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** financial services, namely, credit and debit card services; loyalty program payment processing services; ATM banking services; banking services; bill payment services; checking account services; credit, financing and loan services; financial services, namely, electronic remote check deposit services; electronic money transfer; online banking and financial services; savings account services; debit account services featuring a computer readable card; consumer credit consultation; consumer lending services; financial planning and advisory services; financial asset management; financial planning for retirement; financial counseling services

**International Class(es):** 036 - Primary Class    **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** providing online non-downloadable publications in the nature of articles in the fields of banking, finance, loans, and credit monitoring

**International Class(es):** 041 - Primary Class    **U.S Class(es):** 100, 101, 107

**Class Status:** ACTIVE

**Basis:** 1(b)

**For:** software as a service allowing users to search, identify, and redeem loyalty reward offers; software as a service for accessing, viewing and managing checking accounts, credit card accounts and savings accounts, paying bills, conducting financial transactions and transferring money; software as a service for family financial management, namely, to facilitate financial control, auditing, and to allow communication between users; software as a service for processing electronic funds transfers and payments made via credit card, debit card, and electronic check; software as a service to facilitate electronic, mobile and online payments

**International Class(es):** 042 - Primary Class    **U.S Class(es):** 100, 101

**Class Status:** ACTIVE

**Basis:** 1(b)

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

# Current Owner(s) Information

**Owner Name:** Chime Financial, Inc

**Owner Address:** 77 Maiden Lane, Floor 6
San Francisco, CALIFORNIA UNITED STATES 94108

**Legal Entity Type:** CORPORATION    **State or Country Where Organized:** DELAWARE

# Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Alyssa M. Worsham    **Docket Number:** 61569-TM1005

**Attorney Primary Email Address:** trademarks@wsgr.com    **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** ALYSSA M. WORSHAM
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CALIFORNIA UNITED STATES 94304

**Phone:** 650-493-9300    **Fax:** 650-493-6811

**Correspondent e-mail:** trademarks@wsgr.com    **Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 13, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 31, 2021 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** NEW APPLICATION PROCESSING          **Date in Location:** Aug. 31, 2021