1  KILPATRICK TOWNSEND & STOCKTON LLP
   DENNIS L. WILSON (Bar No. 155407)
2  DWilson@kilpatricktownsend.com
   CAROLINE Y. BARBEE (Bar No. 239343)
3  CBarbee@kilpatricktownsend.com
   1801 Century Park East Suite 2300
4  Los Angeles, CA  90067
   Telephone:   310-248-3830
5  Facsimile:    310-860-0363

6  Attorneys for Plaintiff
   META PLATFORMS, INC.
7
   BAKER BOTTS L.L.P.
8  SARAH GUSKE (Bar No. 232467)
   Sarah.Guske@bakerbotts.com
9  101 California Street, Suite 3200
   San Francisco, CA 94111-5802
10 Telephone: 415.291.6205
   Facsimile: 415.291.6305
11
   SUZANNE HENGL (admitted pro hac vice)
12 Suzanne.Hengl@bakerbotts.com
   30 Rockefeller Plaza, 45th Floor
13 New York, NY 10112
   Telephone: 212.408.2522
14 Facsimile: 212.259.2522

15 Attorneys for Plaintiff
   CHIME FINANCIAL, INC.

16

17                     UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
18                            OAKLAND DIVISION

19

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation, and CHIME FINANCIAL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARAFAT ENIOLA AROWOKOKO (aka ENNY HORLAR DC) and AROWOKOKO AFEEZ OPEYEMI (aka CLASSIC RG LEKKI SPENDER aka RG LEKKI aka ABDUL AFEEZ OPEYEMI),<br><br>Defendants. | CASE NO.:  4:22-cv-00803-DMR<br>*Hon. Donna M. Ryu*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANTS BY EMAIL**<br>**[FED. R. CIV. P. 4(F)(3)]**<br><br>DATE:              June 23, 2022<br>TIME:               1:00 p.m.<br>COURTROOM:   4<br><br>Complaint Filed: February 8, 2022<br>Trial Date:   TBD |

**PLEASE TAKE NOTICE** that on June 23, 2022 at 1:00 p.m. or as soon thereafter as this matter may be heard before the Honorable Donna M. Ryu in Courtroom 4, Third Floor, of this Court located at 1301 Clay Street, Oakland, California, 94612, Plaintiffs Meta Platforms, Inc., and Chime Financial, Inc., will move this court for an order pursuant to Federal Rule of Civil Procedure 4(f)(3) for leave to serve Defendants Arafat Eniola Arowokoko and Arowokoko Afeez Opeyemi by alternative means.

Specifically, Plaintiffs seek to serve the Defendants via email at the verified email addresses associated with Defendants' Facebook user accounts. This motion is based upon this notice, the following Memorandum of Points and Authorities, the Declarations of Andrew Herter and Lemea Wayih, filed concurrently herewith, all pleadings and papers on file, and such oral argument as may be heard at the hearing on this motion.

DATED:  May 13, 2022          Respectfully submitted,

                              KILPATRICK TOWNSEND & STOCKTON LLP


                              By:  /s/ Caroline Y. Barbee
                                   DENNIS L. WILSON
                                   CAROLINE Y. BARBEE

                              Attorneys for Plaintiff
                              META PLATFORMS, INC.

DATED:  May 13, 2022          Respectfully submitted,

                              BAKER BOTTS L.L.P.


                              By:  /s/ Sarah Guske
                                   SARAH GUSKE
                                   SUZANNE HENGL

                              Attorneys for Plaintiff
                              CHIME FINANCIAL, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs Meta Platforms, Inc. ("Meta") and Chime Financial, Inc. ("Chime") (collectively the "Plaintiffs") brought this action in response to Defendants Arafat Eniola Arowokoko and Arowokoko Afeez Opeyemi's unlawful online impersonation scheme directed at Meta and Chime users.  Since at least March 2020, and continuing until at least October 2021, Defendants—who reside in Nigeria—engaged in a phishing scheme whereby they impersonated Chime on Meta's platforms in order to obtain the login information for Chime member accounts.  Compl. ¶¶ 1, 49.  In particular, Defendants used a network of Chime-branded Facebook and Instagram accounts to impersonate Chime in violation of the Terms, including use of Chime-branded usernames, domains, and/or profile photos without Chime's Authorization.  Id. ¶ 49.  Defendants also used their Instagram accounts to promote fake online financial services and direct users to Chime-branded phishing websites.  Id. ¶¶ 50-51, 54-55.  These phishing websites prompted users to enter their Chime usernames and passwords with the goal of compromising users' Chime member accounts to withdraw funds.  Id. ¶ 46.  By using Meta's platforms to impersonate Chime, Defendants are harming the Chime and Meta brands, and the millions of consumers who have come to trust them.

Despite diligent efforts, Plaintiffs have been unable to serve Defendants because Plaintiffs have been unable to locate Defendants' physical addresses.  Accordingly, Plaintiffs seek leave to serve Defendant Arowokoko by email at qiawxn3554@camrew.com, and Defendant Opeyemi by email at lekkispender@gmail.com.  Declaration of Andrew Herter ("Herter Decl.") ¶ 3.  This method of service is reasonably calculated to provide Defendants with notice of this lawsuit and Plaintiffs' claims against them, as Defendants provided and verified ownership of the above email addresses through their Facebook user accounts.  Id. ¶ 1-3.  For these reasons, and those stated below, Plaintiffs respectfully submit that alternative service by email is proper and warranted.

/ / /

/ / /

/ / /

## II.  BACKGROUND

Defendants have run a phishing operation using Facebook and Instagram accounts to impersonate Chime and lure Instagram users to Chime-branded phishing websites.  To conceal their scheme, Defendants used a shared network of computers to control at least five Facebook accounts and more than 800 Instagram accounts, in violation of Facebook's Terms of Service and Instagram's Terms of Use.  Compl. ¶¶ 2, 7, 11-13, 20-26, 48.  Many of these accounts used the Chime logo as their profile photo and the word "Chime" with varied spellings in the username, such as "_ch_im_e_" and "chime942," intended to escape Plaintiffs' enforcement efforts.  *Id.* ¶ 48.  The phishing websites also used, without authorization, Chime's marks—including the Chime logo and the word mark "Chime"—and images taken from Chime's official website, purportedly to offer online banking services.  *Id.* ¶¶ 45-46.  These phishing websites prompted visitors to provide their Chime login information (email and password), which Plaintiffs believe the Defendants then used to withdraw money from their Chime accounts.  *Id.*

Defendants used various email addresses to set up the network of Facebook and Instagram accounts that were used to impersonate Chime. Herter Decl. ¶ 2.  Facebook users can add or remove an e-mail address from their account.  *Id*.  For example, Facebook users may add an email address to an account despite registering the account using a phone number initially.  *Id*.  When a Facebook user adds an email address to an account, Meta sends a confirmation email to the new email address including a link to confirm that the user wants the email added to their Facebook account.  *Id*.  The user then clicks the link to confirm.  *Id*.  On or about May 17, 2021, Defendant Arowokoko added the verified email qiawxn3554@camrew.com to a Facebook account created on July 6, 2016.  *Id.* ¶ 3.  On or about June 14, 2021, Defendant Opeyemi added the verified email lekkispender@gmail.com to a Facebook account created on September 28, 2018.  *Id.* ¶ 3.

/ / /

/ / /

/ / /

/ / /

PLAINTIFFS' MOTION TO SERVE DEFENDANTS BY EMAIL                                                             - 4 -
CASE NO.:  4:22-cv-00803-DMR

### III. PLAINTIFFS SHOULD BE PERMITTED TO SERVE DEFENDANTS BY EMAIL

#### A. Nigeria Is Not A Signatory To The Hague Convention Or Any Other "Convention" Or Agreement Between Nigeria And The United States

Federal Rule of Civil Procedure 4(f) governs the service of an individual in a foreign country. An individual located outside of the United States may be served pursuant to any "internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). However, "Nigeria is not a party to an international service of process treaty such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *PCS Wireless LLC v. Doe 1*, No. 19-12593, 2019 WL 5394849, at *2 (D.N.J. Oct. 22, 2019) (citing *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 112 (S.D.N.Y. 2010)); *see also Nwoke v. Consulate of Nigeria*, No. 17-cv-00140, 2018 WL 1071445, at *2 (N.D. Ill. Feb. 27, 2018) ("Nigeria is not a signatory to the Hague Convention."), *aff'd*, 729 F. App'x 478 (7th Cir. 2018); HCCH, *HCCH Members*, https://www.hcch.net/en/states/hcch-members (last visited April 22, 2022).

Thus, there is no applicable international convention in this proceeding. Plaintiffs therefore seek leave to serve Defendants via the verified email addresses associated with Defendants' Facebook user accounts. Herter Decl. ¶ 2-3.

#### B. Federal Rule of Civil Procedure 4(f)(3) Allows Service by Email

Rule 4(f)(3) provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015 (citation omitted). To the contrary, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means."

*Id.* (footnote omitted). In other words, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id.* at 1014. Courts have authorized a variety of alternative methods of service under Rule 4(f)(3), including email. *See Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 WL 3402800, at *3 (N.D. Cal. June 19, 2020) (citing *Rio Props.*, 284 F.3d at 1016).

Here, through licensed attorneys in Nigeria, Plaintiffs have confirmed that no international agreement prohibits service of Defendants by email. Declaration of Lemea Wayih ("Wayih Decl.") ¶¶ 7-8.

### C. Service of Defendants via Email is Reasonable and Proper

As long as the court-directed method of service of process does not violate an international agreement, the Ninth Circuit only requires that the service method "comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and allow them to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). A plaintiff must undertake reasonably diligent efforts to locate a defendant, but "extraordinary" efforts are not required. *Acticon Techs. LLC v. Pretec Elecs. Corp.*, No. C 07-4507 JF, 2008 WL 540765, at *1 (N.D. Cal. Feb. 25, 2008) (citation omitted). "For example, a plaintiff need not hire a private investigator to locate a defendant." *Id.* Searching public databases and "Google Maps" may suffice. *See TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021). And once diligent efforts have proven futile, service by email is proper if the plaintiff shows that the proposed email address is valid and likely used by the defendant, such as by sending a test email that does not "bounce back." *See id.* ("The email did not bounce back nor was it returned as being 'undeliverable,'" which was sufficient to demonstrate that service was reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and afford him the opportunity to present his objections).

/ / /

Here, Plaintiffs engaged Nigerian counsel to conduct a comprehensive search to discover the physical addresses of the Defendants, including using Nigerian government and unofficial search engines and websites, and social media platforms including LinkedIn, Twitter, and Snapchat. Wayih Decl. ¶¶ 2-6. Nigerian counsel was unable to locate Defendants' physical addresses despite these efforts. *Id.* ¶ 6.

Defendants added and verified email addresses to their personal Facebook accounts. Herter Decl. ¶ 2-3. Plaintiffs have confirmed that those email addresses are valid and active, as emails sent to those addresses did not "bounce back" and were not returned as undeliverable. Declaration of Kelly Christopher ("Christopher Decl.") ¶ 2-4. Thus, these email addresses are reasonably calculated to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15-0246-DOC (DFMx), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (finding that service of process by email is reasonably calculated to provide actual notice when a test email is not returned as undeliverable).

Notably, this Court has consistently found that service of process via email is proper where, as here, evidence indicates that the proposed email addresses are likely associated with the defendant. *See Facebook, Inc. v. Kokhtenko,* No. 21-CV-03036-YGR, 2021 WL 3373211, at *1 (N.D. Cal. Aug. 3, 2021) ("The Court finds that service by email is particularly appropriate here, where plaintiffs have limited means to serve defendant outside of personal service."); *Fabian*, 2020 WL 34023800, at *3 ("[C]ourts have authorized a wide variety of alternative methods of service including . . . email"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (allowing service on defendant via email because defendants relied on e-communications to operate their businesses and because Facebook had valid email addresses for each of the defendants); *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2-3 (N.D. Cal. Aug. 17, 2012) (permitting service via email because Plaintiff demonstrated that emails sent to the contact email address listed on defendant's website were not returned as undeliverable); *Assef v. Does 1-10*, No. 15-cv-01960-MEJ, 2016 WL 1191683, at *2 (N.D. Cal. Mar. 28, 2016) (permitting service to the email address

listed on plaintiffs' website registration); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (discussing the decision to grant "service by email, Facebook, and LinkedIn because notice through these accounts was reasonably calculated to notify the defendant of the pendency of the action and was not prohibited by international agreement"); *UBS Fin. Servs. v. Berger*, No. 13-cv-03770 (LB), 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014) (recounting court's decision to authorize service via defendant's "gmail address and through LinkedIn's 'InMail' feature").

In this case, Plaintiffs seek to serve Defendants through the very email addresses that Defendants used in connection with their Facebook accounts. Herter Decl. ¶ 2-3. Email service is the method most likely to provide Defendants with actual notice of this action and Plaintiffs' claims against them. Accordingly, service on Defendants by email is proper and reasonable, and Plaintiffs' motion should be granted.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that they should be permitted to serve Defendants with process via email to the email addresses they used in connection with their fraudulent phishing scheme. *Id.*

DATED: May 13, 2022    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  */s/ Caroline Y. Barbee*
DENNIS L. WILSON
CAROLINE Y. BARBEE

Attorneys for Plaintiff
META PLATFORMS, INC.

| | | |
|---|---|---|
| 1 | DATED: May 13, 2022 | Respectfully submitted, |
| 2 | | BAKER BOTTS L.L.P. |

By: /s/ Sarah Guske
SARAH GUSKE
SUZANNE HENGL

Attorneys for Plaintiff
CHIME FINANCIAL, INC.

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Rule No. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that I have on file permission to sign for counsel indicated by a "conformed" signature within this e-filed document.

DATED: May 13, 2022

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ *Caroline Y. Barbee*
DENNIS L. WILSON
CAROLINE Y. BARBEE

Attorneys for Plaintiff
META PLATFORMS, INC.