UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARAFAT ENIOLA AROWOKOKO, et al.,<br><br>Defendants. | Case No. 22-cv-00803-DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE BY EMAIL**<br><br>Re: Dkt. No. 18 |

Plaintiffs Meta Platforms, Inc. ("Meta") and Chime Financial, Inc. ("Chime") (collectively, "Plaintiffs") filed a lawsuit against Defendants Arafat Eniola Arowokoko and Arowokoko Afeez Opeyemi alleging trademark infringement relating to an online impersonation scheme. Defendants are Nigerian citizens. Plaintiffs now move for leave to serve the complaint and summons via email. [Docket No. 18.] This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b). For the following reasons, Plaintiffs' motion is granted.

## I. BACKGROUND

Meta operates the global social networking platforms Facebook and Instagram. Compl. ¶¶ 17-19. [Docket No. 1.] Chime is a financial technology company that offers savings and spending accounts, allows customers to use a CHIME-branded payment card, and allows customers to manage their finances and track spending through an online app. *Id.* ¶¶ 30-32. Defendants are Nigerian residents also known as "Enny Hrolar Dc," and "Classic Reg Lekki Spender," "Rg Lekki," or "Abdul Afeez Opeyemi," respectively. *Id.* ¶¶ 5-6.

Plaintiffs allege that between March 2020 and October 2021 at least, Defendants engaged in a phishing scheme whereby they impersonated Chime on Meta's platforms so that they could obtain the login information for Chime member account. *Id.* ¶¶ 1, 49. Specifically, Defendants

1    used a shared network of computers to control at least five Chime-branded Facebook accounts and
2    more than 800 Instagram accounts to impersonate Chime, including by using Chime-branded
3    usernames, domains, and/or profile photos without Chime's authorization. *Id.* ¶¶ 7, 48-49.
4    Defendants also used their Instagram accounts to promote fake online financial services and direct
5    users to Chime-branded phishing accounts. *Id.* ¶¶ 50-51, 54-55. Many of these accounts used the
6    Chime logo as their profile photo and the word "Chime" with varied spellings in the username,
7    such as "_ch_im_e" and "chime942," as well as Chime's marks, such as the Chime logo, the word
8    mark "Chime," and images taken from Chime's official website. *Id.* ¶¶ 45-50. Defendants
9    directed users to its phishing websites, which prompted users to enter their Chime login
10   credentials. *Id.* ¶¶ 44-45. Defendants would then use the credentials to withdraw money from the
11   Chime users' accounts. *Id.* ¶ 45. Plaintiffs contend that Defendants' activities are unauthorized
12   and violate the Facebook and Instagram Terms of Service and Use. *Id.* ¶¶ 2, 20-26, 48-50. Since
13   June 5, 2020, Plaintiffs have attempted to disable Defendants' accounts and access to legitimate
14   Chime member accounts, but as recently as October 2021, Defendants have continued to
15   unlawfully impersonate Chime and misuse Chime's registered trademarks. *Id.* ¶¶ 2, 35, 58-59.

16       Plaintiffs filed their complaint alleging trademark infringement under the federal Lanham
17   Act and breach of contract on February 8, 2022. Since then, Plaintiff have not been able to serve
18   the complaint and summons on Defendants because they cannot locate their physical addresses.
19   Plaintiffs engaged local counsel in Nigeria to conduct a comprehensive Internet search, including
20   through government websites and social media platforms, to discover the physical addresses of
21   Defendants, but they were unsuccessful. Declaration of Lemea Wayih ("Wayih Decl.") ¶¶ 2-6
22   [Docket No. 18-2.] Accordingly, Plaintiffs now seek leave to serve Defendants by email using the
23   verified addresses connected with their Facebook accounts. Meta employee Andrew Herter, a
24   Legal Investigator and Threat Researcher, represents that Facebook users can add or remove an
25   email address from their account. Declaration of Andrew Herter ("Herter Decl.") ¶¶ 1-2 [Docket
26   No. 18-1.] When users add an email address, Meta sends an email to that address with a link to
27   confirm that the user wants the email added to their account. *Id.* ¶ 2. Meta maintains these
28   account records for Facebook users. *Id.* Herter reviewed the records related to Defendants'

United States District Court
Northern District of California

1  Facebook accounts and identified the following verified email addresses for Arowokoko and
2  Opeyemi, respectively: qiawxn3554@camrew.com and lekkispender@gmail.com. *Id.* ¶ 3. Both
3  Defendants added their email addresses to their Facebook accounts in 2021. *Id.* On May 13,
4  2022, counsel for Meta sent emails addressed to both email addresses to put Defendants on notice
5  of this lawsuit and requesting that Defendants waive service. Declaration of Christopher Kelly
6  ("Kelly Decl.") ¶¶ 2, 4; Exs. A, C. Neither email bounced back nor was returned as
7  "undeliverable." *Id.* ¶¶ 3, 5; Exs. B, D.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(f) authorizes service of an individual in a foreign country via three methods. First, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Absent any international agreement, the individual may also be served "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response to a letter rogatory or letter of request," or through personal delivery or mail sent by the Clerk. Fed. R. Civ. P. 4(f)(2). Finally, service may be effectuated "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

To effectuate service under Rule 4(f)(3), "trial courts have authorized a wide variety of alternative methods of service including . . . email," and it is in the court's "discretion . . . to balance the limitations of email service against its benefits in any particular case." *Rio Props.*, 284 F.3d at 1016-18. Email service must still "comport with constitutional notions of due process"—that is, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

(quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (concluding that "not only was service of process by email was proper—that is, reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [defendant]."). Courts in this district have found that email service to individuals abroad is proper under Rule 4(f)(3) because it is not prohibited by an international agreement and conforms with due process. *See, e.g.*, *Facebook, Inc. v. Kokhtenko*, No. 21-CV-03036-YGR, 2021 WL 3373211, at *2 (N.D. Cal. Aug. 3, 2021); *UBS Fin. Servs. Inc. v. Berger*, No. C 13-03770 LB, 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014); *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *13 (N.D. Cal. Aug. 17, 2012).

**III.    DISCUSSION**

Plaintiffs move to serve the complaint and summons by email to Defendants' verified email accounts associated with their Facebook user accounts. Having reviewed Plaintiffs' papers, the court finds that this alternate method of service is proper and reasonably calculated to provide notice to Defendants of this action, thereby satisfying the requirements of Rule 4(f)(3).

First, no international agreement governs service in Nigeria or prohibits service by email in that country. Nigeria is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other treaty on service of process to which the United States is party. *PCS Wireless LLC v. Doe 1*, No. CV 19-12593, 2019 WL 5394849, at *2 (D.N.J. Oct. 22, 2019); *Nwoke v. Consulate of Nigeria*, No. 17-CV-00140, 2018 WL 1071445 (N.D. Ill. Feb. 27, 2018). Therefore, Rule 4(f)(1) does not apply. Because no international agreement governs, service may be accomplished by any means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3); *Rio Props.*, 284 F.3d at 1014. Plaintiffs' Nigerian counsel attests that no international agreement bars service of foreign court proceedings by email in that country. Wayih Decl. ¶ 8.

Email service also comports with due process. Plaintiffs first conducted reasonable searches for Defendants' physical addresses through government and other publicly available searches. Wayih Decl. ¶ 6. They then identified the verified email addresses that Defendants

4

added to their Facebook accounts. Herter Decl. ¶¶ 2-3. These are the same email addresses that Defendants used in connection with their Facebook accounts, which Defendants allegedly used to set up the infringing Chime phishing accounts. *See* Compl. ¶¶ 11, 49. Defendants also added their email addresses to their Facebook accounts in 2021 during the same time period that they engaged in their alleged unlawful activities. *See* Herter Decl. ¶ 3; Compl. ¶¶ 5-6. Plaintiffs' counsel confirmed that these email addresses are valid and active because they did not bounce back, nor were they returned as undeliverable. Kelly Decl. ¶¶ 2-4. Accordingly, service via these email addresses is reasonably calculated to apprise Defendants of this lawsuit because these emails are likely associated with Defendants, the emails have been used recently in connection with Defendants' unlawful online activity, and Plaintiffs have not been able to identify any physical locations where they could be served. *See Kokhtenko*, 2021 WL 3373211, at *2 (finding email service on defendants in Russia appropriate "because those emails are being used in connection with defendant's online businesses; it is more likely than not that someone is monitoring those email addresses for new purchase orders"); *ADT Sec. Servs.*, 2012 WL 3580670, at *3 (email service appropriate where defendants in the Philippines do not operate out of any physical address, the government had no record of them, and employees refused to give out an address, and previous emails sent to that address were not returned as undelivered); *see also Rio Props.*, 284 F.3d at 1018 (email service warranted where the defendant "structured its business such that it could be contacted only via its email address . . . [and] listed no easily discoverable street address").

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to serve the complaint and summons by email is granted. Plaintiff shall immediately serve a copy of the complaint, summons, and this order on Defendant Arowokoko at qiawxn3554@camrew.com and Defendant Opeyemi at lekkispender@gmail.com with return receipt requested, and file a proof of service.

**IT IS SO ORDERED.**

Dated: September 7, 2022

_____
Donna M. Ryu
United States Magistrate Judge